# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No: 17 C 50037 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Albridge Nolan, | ) | |
| Defendant. | ) | |

## ORDER

For the following reasons, defendant's § 2255 motion [1] is dismissed. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT

On February 7, 2017, defendant Albridge Nolan filed a motion under 28 U.S.C. § 2255 challenging his 18 U.S.C. § 922(g) sentence for possession of a firearm by a felon, in particular his ACCA sentencing enhancement under 18 U.S.C. § 924(e)(2)(A). *See* [1]. Defendant argued that the three prior serious drug offenses that served as the predicates for his ACCA sentence are no longer valid under *Mathis v. United States*, 136 S. Ct. 2243 (2016). The government filed a response on June 5, 2017, arguing that defendant's motion is untimely and without merit. *See* [4]. On June 26, 2017, defendant filed a motion to amend his § 2255 motion [6] and on August 14, 2017 defendant filed a motion to support his motion [7]. On November 17, 2017, the government filed a Notice of Authority [8]. This matter is now ripe for the court's review.

First, the government argues that defendant's motion is untimely. The parties agree that defendant's conviction became final on June 4, 2012, and as such his motion is not timely under 28 U.S.C. § 2255(f)(1). The parties disagree, however, with regard to whether the motion is timely under § 2255(f)(3) on the grounds that it was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Defendant argues that his motion is timely because it was filed within one year of *Mathis*. The government argues that *Mathis* did not "newly recognize" a "right" that was made retroactively applicable. The court agrees.

The court agrees with the government that *Mathis* did not recognize a new right that was made retroactively applicable within the meaning of § 2255(f)(3). As the *Mathis* court made clear, its holding was controlled by prior precedents. *See Mathis*, 136 S. Ct. at 2251 (concluding that "[u]nder our precedents," the application of those precedents to the statute at issue "resolves this case"). As the Supreme Court has held, decisions that are dictated by prior precedents do not constitute "new" rights within the meaning of § 2255(f)(3). *See Dodd v. United States*, 545 U.S. 353, 358-359 (2005); *Brooks v. United States*, 2017 WL 3315266, at *4 (C.D. Ill. 2017) (collecting cases that have found that "*Mathis* does not trigger a new one-year period under § 2255(f)(3)" because it did not recognize a new right). Moreover, in a related case, the Seventh

Circuit declined to certify a successive habeas motion under § 2255(h)(2), because the proposed successive motion relied on *Mathis*, and *Mathis* did not recognize "a new rule of constitutional law. *Mathis* interprets the statutory word 'burglary' and does not depend on or announce any novel principle of constitutional law." *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). As such, the court agrees with the government that § 2255(f)(3) does not apply, and therefore defendant's § 2255 motion is untimely and must be dismissed.

Next, the government points out that, regardless of its timeliness, defendant's motion is without merit. As noted, defendant argues that after *Mathis*, his predicate three 720 ILCS 570/401 Illinois felonies for possession with intent to deliver cocaine, possession with intent to deliver cocaine, and delivery of cocaine no longer qualify as "serious drug offense" within the definition of 18 U.S.C. § 924(e)(2)(A). For support, he points to two Fifth Circuit cases, *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), which found that a conviction under the Texas statute for delivery of a controlled substance no longer qualifies after *Mathis* as a "controlled substance offense" for purposes of the similarly-worded Guidelines, because the statute penalizes conduct broader than that defined as a "controlled substance offense," such as merely offering controlled substances.

As the government has pointed out, however, the Seventh Circuit has just distinguished *Tanksley* and *Hinkle* from the Illinois statute for delivery of a controlled substance. *See United States v. Redden*, --- F.3d ----, 2017 WL 5162587 (7th Cir. Nov. 8, 2017). The Seventh Circuit pointed out that 720 ILCS 570/401, in contrast to the Texas statute, only criminalizes conduct that fits within the definition of a "controlled substance offense," and as such, "it would be frivolous" for a defendant with prior felonies under the Illinois statute "to argue that [he] is not a career offender." *See Redden*, 2017 WL 5162587, at *1. This analysis applies with equal force to ACCA's definition of a "serious drug offense." As such, the court agrees that *Mathis* does not apply to the Illinois felony for delivery of a controlled substance and thus defendant's ACCA sentence is unaffected by *Mathis*. Because defendant's § 2255 is without merit, it must be dismissed.

Finally, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court finds that while defendant has attempted to raise the denial of a constitutional right, his claims are both untimely and without merit, and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the court declines to issue a certificate of appealability. This matter is terminated.

Date: 11/20/2017    ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)